MICHAEL L. MALLOW (SBN 188745)
mmallow@loeb.com
DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

GREGORY D. PHILLIPS
(*Pro Hac Vice* application to be filed)
gdp@prwlawfirm.com
PHILLIPS, RYTHER & WINCHESTER
124 South 600 East
Salt Lake City, UT 84102
Telephone: 801.935.4935
Facsimile: 801.935.4936

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOYOTA JIDOSHA KABUSHIKI KAISHA, also doing business as TOYOTA MOTOR CORPORATION, a Japanese corporation; and TOYOTA MOTOR SALES, U.S.A., INC., a California corporation,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>4298322 CANADA INC., doing business as UTOYOTA AUTO PARTS, a Canadian corporation,<br><br>　　　　　　Defendant. | Case No.: _____<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF**<br><br>1. **Trademark Infringement and Counterfeiting (Lanham Act § 32);**<br>2. **Trademark Dilution (Lanham Act § 43(c));**<br>3. **False Designation Of Origin (Lanham Act § 43(a)); and**<br>4. **Cyberpiracy (Lanham Act § 43(d))** |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2395472.1
666666-66666

COMPLAINT FOR INJUNCTIVE RELIEF

Toyota Jidosha Kabushiki Kaisha, also doing business as Toyota Motor Corporation, and Toyota Motor Sales, U.S.A., Inc. (collectively "Toyota"), for their claims against defendant 4298322 Canada, Inc., doing business as UTOYOTA Auto Parts (which, in order to avoid confusion with Toyota, will be referred to hereinafter as "Defendant"), allege as follows:

## NATURE AND SUBSTANCE OF ACTION

1. Toyota files this action against Defendant for trademark infringement and counterfeiting, trademark dilution, false designation of origin, and cyberpiracy under the Lanham Act (15 U.S.C. § 1051 *et seq*.). Defendant conducts an automobile parts business that manufactures, distributes, and sells parts that Defendant represents will fit Toyota® vehicles, in direct competition with Toyota and its dealers. Defendant conducts this business under the name "UTOYOTA," and using the Internet domain name *www.utoyota.com*. Defendant's business and Internet domain names are confusingly similar variations of Toyota's TOYOTA® trademark, and Defendant prominently features "UTOYOTA" in Toyota red on its website, on signage, in advertising materials, on parts, on packaging, and otherwise. Indeed, as depicted below, Defendant misappropriates that TOYOTA® trademark in Toyota red on its packaging. In bringing this lawsuit, Toyota seeks injunctive relief, and recovery of its costs and attorneys' fees.

## THE PARTIES

2. Plaintiff Toyota Jidosha Kabushiki Kaisha, also doing business as Toyota Motor Corporation, is a Japanese corporation having its principal offices at 1 Toyota cho, Toyota, Aichi 471-8572, Japan.

3. Toyota Motor Sales, U.S.A., Inc. ("Toyota Motor Sales'), is a California corporation with its principal place of business located at 19001 South Western Avenue, Torrance, California 90501. Toyota Motor Sales is a wholly-owned subsidiary of Plaintiff Toyota Jidosha Kabushiki Kaisha, a Japanese

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2395472.1
666666-66666

1

COMPLAINT FOR INJUNCTIVE RELIEF

1. corporation also doing business as Toyota Motor Corporation (hereinafter "Toyota's Corporate Parent").

2. 4. By virtue of agreements with Toyota's Corporate Parent, Toyota Motor Sales is the exclusive importer and distributor of TOYOTA® vehicles and parts in the continental United States including Alaska, Puerto Rico, and the U.S. Virgin Islands ("continental United States"). Toyota has the exclusive right to the trademarks identified below in the marketing and sale of TOYOTA® vehicles, parts, and service in the continental United States.

5. Defendant 4298322 Canada, Inc., is a Canadian corporation with its principal place of business at 8509 9th Avenue, Montreal, Quebec, Canada, and does business as UTOYOTA Auto Parts.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to:

    (a) 28 U.S.C. § 1331, relating to "federal question" jurisdiction;

    (b) Section 39 of the Lanham Act, 15 U.S.C. § 1121, giving this Court jurisdiction over all actions arising under the Lanham Act without regard to the amount in controversy;

    (c) Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), relating to the counterfeit, reproduction, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of goods;

    (d) Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), relating to the use of false designations of origin and/or sponsorship tending falsely to describe or designate the source, and/or sponsorship of goods affecting commerce, and relating to false advertising and trade dress infringement and dilution;

    (e) Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), relating to the use in commerce of a mark or trade name dilutive of the distinctive quality a famous mark, and relating to the willful intent to trade on the owner's reputation or cause dilution of the famous mark;

     (f)    28 U.S.C. § 1338(a), conferring on this Court jurisdiction over actions arising under federal trademark laws; and

     (g)    28 U.S.C. § 1338(b), relating to claims of unfair competition "joined with a substantial and related claim under the . . . trademark laws."

7.    This action arises out of wrongful acts committed by Defendant that are intentionally targeted at Toyota in this District and that subject Defendant to personal jurisdiction here.  Moreover, Defendant markets, sells, furnishes, and supports products violating Toyota's trademark rights throughout the United States, including upon information and belief, in the State of California to California residents.

8.    Venue is proper in this Judicial District under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

### Toyota's Trademark Rights

9.    Toyota has been continuously engaged for over 55 years in the importation, distribution, and sale of automobiles, utility vehicles, motor trucks, and related parts and accessories, which it markets throughout the United States.

10.    TOYOTA® (U.S. Reg. No. 0,843,138) is a world-famous trademark belonging to Toyota's Corporate Parent.  Toyota's Corporate Parent has obtained numerous other trademark registrations in the United States for TOYOTA® as well as the design trademarks that correspond to that mark, including the T LOGO® (U.S. Reg. No. 1,797,716), and many other related trademarks.  Toyota's registrations for these trademarks are valid, unrevoked, subsisting, and incontestable, and constitute *prima facie* evidence of Toyota's exclusive ownership of these trademarks.  These trademarks are among the most famous and well known trademarks in the world.  Toyota also holds common law rights in these trademarks.  Such registered and common law trademarks are herein referred to collectively as the "Toyota Trademarks."

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2395472.1
666666-66666

3

COMPLAINT FOR INJUNCTIVE RELIEF

11. Toyota and its authorized dealers consistently display the Toyota Trademarks in a distinctive, stylized font and in the color red consisting of TOYOTA® with the T LOGO®, also herein referred to collectively as the "Toyota Trademarks", a representative example of which is below:

[TOYOTA logo with T symbol in red]

12. Toyota consistently displays the Toyota Trademarks for corporate level activities in a distinctive stylized font and in the color red consisting of TOYOTA® (also herein referred to collectively as the "Toyota Trademarks", a representative example of which is below:

[TOYOTA logo in red]

13. Toyota has continuously used the Toyota Trademarks in connection with the promotion, advertising, sale, and service of new and used automobiles, parts, warranties, accessories, and related products and services since well before the acts of Defendant complained herein.

14. The Toyota Trademarks are prominently featured in the advertising of Toyota and its authorized dealers and licensees and appear prominently on all genuine TOYOTA® parts and accessories and/or the packaging of such parts and accessories.

15. Toyota also uses the Internet domain name *www.toyota.com* to host a website featuring Toyota® vehicles and products.

16. Toyota has invested significant effort and hundreds of millions of dollars each year in advertising and publicizing the Toyota Trademarks in the United States. The Toyota Trademarks are inherently distinctive, and have acquired distinctiveness as a result of Toyota's advertising and investment. The Toyota

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2395472.1
666666-66666

4

COMPLAINT FOR INJUNCTIVE RELIEF

Trademarks are immediately identifiable and associated by the general public with Toyota, and have thus acquired secondary meaning. The Toyota Trademarks have become widely known and recognized as symbols of unique and high quality vehicles and services. The Toyota Trademarks, and the goodwill associated with the Toyota Trademarks, are invaluable assets of substantial and inestimable worth to Toyota.

17. Toyota and its authorized dealers and licensees are the only parties authorized to use the Toyota Trademarks in connection with the sale, distribution, or advertising of any products and services in the United States.

18. Toyota exercises great care in the selection of its authorized dealers and licensees and exerts substantial effort to control the nature and quality of the goods and services provided by such dealers and licensees under the Toyota Trademarks.

19. Defendant is not authorized or licensed by Toyota to use the Toyota Trademarks, or any confusingly similar marks.

**Defendant's Violations of the Toyota Trademarks**

20. Defendant conducts an automobile parts business that manufactures, distributes, and sells parts that Defendant represents will fit TOYOTA® vehicles, in direct competition with Toyota and its dealers. Defendant conducts this business under the name "UTOYOTA," and using the Internet domain name *www.utoyota.com*. Defendant's business and Internet domain names are confusingly similar variations of Toyota's TOYOTA® trademark, and Defendant prominently features "UTOYOTA" in Toyota red on its website, on signage in advertising materials, on parts, on packaging, and otherwise. Indeed, as depicted below, Defendant misappropriats that TOYOTA® trademark in Toyota red on its packaging.

21. For example, below is a true and correct copy of Defendant's use of "UTOYOTA" in Toyota red on Defendant's website at *www.utoyota.com*:

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2395472.1
666666-66666

5

COMPLAINT FOR INJUNCTIVE RELIEF



22. Below is a true and correct copy of Defendant's misappropriation of the TOYOTA® trademark in Toyota Red and Defendant's use of "UTOYOTA" in Toyota red and otherwise on Defendant's packaging of parts:





Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2395472.1
666666-66666

6

COMPLAINT FOR INJUNCTIVE RELIEF



23. The products and services advertised, promoted, and sold by Defendant are of the same type and are intended for the same purpose and the same class of purchasers as Toyota's products and services.

24. Toyota has sent Defendant cease and desist letters notifying Defendant of Toyota's objections to Defendant's use of the Toyota Trademarks and demanding that Defendant cease and desist from doing business under the business name "UTOYOTA" and the Internet domain name *www.utoyota.com*.

25. Toyota has attempted to resolve this matter with Defendant amicably and without filing litigation in the judicial system.

26. Defendant has failed and refused to accede to Toyota's lawful demand that Defendant cease and desist from its use of "UTOYOTA" and *www.utoyota.com*. Defendant's violations of Toyota's trademark rights continue in spite of actual knowledge of Toyota's rights. Accordingly, Defendant's actions constitute willful infringement of Toyota's rights in the Toyota Trademarks.

27. Defendant's use of "UTOYOTA" in its business name and the Internet domain name *www.utoyota.com*, and in connection with the sale, offer for sale, manufacture, and/or distribution of parts, products, and other goods for Toyota® vehicles is likely to mislead and confuse potential and actual purchasers of Defendant's products into believing that the automotive parts sold by Defendant are manufactured by, authorized by, sponsored by, or in some other manner are associated or affiliated with Toyota. This likely confusion, mistake, and/or deception engendered by Defendant's misappropriation of the Toyota Trademarks is causing immediate, substantial, and irreparable harm to the goodwill symbolized by

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2395472.1
666666-66666

7

COMPLAINT FOR INJUNCTIVE RELIEF

the Toyota Trademarks and to the reputation of high quality automotive parts that the Toyota Trademarks embody.

28. In addition, Defendant's wrongful use of the Toyota Trademarks or confusingly similar versions thereof, has actually diluted and/or is likely to cause dilution of the Toyota Trademarks, and has or is likely to tarnish and whittle away the distinctiveness of the Toyota Trademarks.

## FIRST CLAIM FOR RELIEF
## (TRADEMARK INFRINGEMENT AND COUNTERFEITING)

29. The allegations set forth above are incorporated herein by this reference.

30. The Toyota Trademarks are inherently distinctive and have acquired secondary meaning. The public associates the Toyota Trademarks exclusively with Toyota's products. This is a result of the marks' inherent distinctiveness and of distinctiveness acquired through extensive advertising, sales, and use in commerce in connection with Toyota's products and related services bearing or using the Toyota Trademarks.

31. By Defendant's unauthorized use of the Toyota Trademarks, or confusingly similar variations of the Toyota Trademarks, Defendant has, without Toyota's consent, used and/or is continuing to use in commerce reproductions, counterfeits, copies, and colorable imitations of the Toyota Trademarks. Defendant's actions are likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114(1).

32. By committing the acts alleged herein, Defendant has intentionally, knowingly, and willfully infringed and used counterfeits of the Toyota Trademarks.

33. Because of Defendant's infringement and counterfeiting, Toyota has been irreparably harmed in its business. Moreover, Toyota will continue to suffer irreparable harm unless Defendant is restrained from infringing and counterfeiting the Toyota Trademarks.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2395472.1
666666-66666

8

COMPLAINT FOR INJUNCTIVE RELIEF

34. Toyota is entitled to an injunction preventing unauthorized use of the Toyota Trademarks, or confusingly similar variations of the Toyota Trademarks.

35. In addition, Toyota is entitled to recovery of its costs and attorneys' fees in bringing this action.

## SECOND CLAIM FOR RELIEF
## (TRADEMARK DILUTION)

36. The allegations set forth above are incorporated herein by this reference.

37. The Toyota Trademarks are famous trademarks. These marks are inherently distinctive and have acquired distinctiveness.

38. Toyota has extensively and exclusively used these marks in commerce throughout the United States in connection with Toyota's vehicles and related products, parts, and services.

39. Defendant's unauthorized use of the Toyota Trademarks, or confusingly similar variations of the Toyota Trademarks, dilutes the distinctive quality of the famous Toyota Trademarks in violation of 15 U.S.C. § 1125(c)(1).

40. Because of Defendant's dilution, Toyota has been irreparably harmed in its business. Moreover, Toyota will continue to suffer irreparable harm unless Defendant is restrained from diluting the Toyota Trademarks.

41. In addition, Toyota is entitled to recovery of its costs and attorneys' fees in bringing this action.

## THIRD CLAIM FOR RELIEF
## (FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, AND FALSE ADVERTISING)

42. The allegations set forth above are incorporated herein by this reference.

43. Defendant has knowingly used the Toyota Trademarks, or counterfeits, reproductions, copies, or colorable imitations thereof, in connection with

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2395472.1
666666-66666

9

COMPLAINT FOR INJUNCTIVE RELIEF

1 Defendant's products and services. Defendant has used the Toyota Trademarks, or confusingly similar variations of the Toyota Trademarks, with the intent of trading on the good will and reputation of Toyota.

44. Defendant's use of the Toyota Trademarks as alleged above is likely to confuse, mislead or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendant's products and services, and is likely to cause such people to believe in error that Defendant's products and services have been authorized, sponsored, approved, endorsed, or licensed by Toyota or that Defendant is in some way affiliated with Toyota.

45. Defendant's acts constitute false or misleading descriptions, false advertising, and false designations of origin and/or sponsorship in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

46. By reason of Defendant's actions, Toyota has suffered irreparable harm to the Toyota Trademarks. Unless Defendant is restrained from its actions, Toyota will continue to be irreparably harmed.

47. Toyota has no remedy at law that will compensate for the continued and irreparable harm Toyota will suffer if Defendant's acts are allowed to continue.

48. Toyota is entitled to an injunction preventing unauthorized use of the Toyota Trademarks.

49. In addition, Toyota is entitled to recovery of its costs and attorneys' fees in bringing this action.

## FOURTH CLAIM FOR RELIEF
### (CYBERPIRACY)

50. The allegations set forth above are incorporated herein by this reference.

51. Defendant's actions evidence bad-faith intent to profit from use of the Toyota Trademarks in domain names.

52.  Defendant registered, trafficked in, or used the infringing domain name, *www.utoyota.com*, which is identical, confusingly similar to, or dilutive of the Toyota Trademarks that are and were distinctive and famous at the time of Defendant's registration thereof.

53.  Defendant will continue its acts of cyberpiracy to the irreparable injury of Toyota and the public unless restrained and enjoined.

54.  Toyota has no adequate remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendant's acts are allowed to continue.

55.  Toyota is entitled to an injunction transferring utoyota.com to Toyota.

56.  In addition, in light of Defendant's bad faith, Toyota is entitled to Toyota's costs and attorneys' fees in bringing this action.

WHEREFORE, Toyota prays for judgment against Defendant as follows:

A.  That Defendant, and all of its agents, servants, employees, and attorneys, and all other persons in active concert or participation with Defendant who receive actual notice of the injunction, be temporarily, preliminarily, and permanently enjoined from, without permission from Toyota:

(1)  using the Toyota Trademarks, any colorable imitations thereof, including "UTOYOTA," or any other marks confusingly similar thereto;

(2)  using any simulation, reproduction, counterfeit, copy, or colorable imitation of the Toyota Trademarks, including the business name "UTOYOTA," or any confusingly similar name, in connection with the trade name or the corporate name of their business or similar establishment;

(3)  transferring to anyone other than Toyota the registration for *www.utoyota.com* and any other domain names within Defendant's possession or control that incorporate or use names, words, designations, or other symbols that are confusingly similar to the Toyota Trademarks;

        (4)    registering, maintaining registrations for, offering for sale, claiming ownership of, or in any other way using *www.utoyota.com* or any other domain names incorporating or using names, words, designations, or other symbols that are confusingly similar to the Toyota Trademarks; and

        (5)    otherwise deceptively or unfairly competing with Toyota;

    B.    That Defendant be ordered to deliver to Toyota for destruction all business cards, stationery, labels, signs, prints, packages, wrappers, receptacles, advertising materials, or products, that bear marks confusingly similar to the Toyota Trademarks, or that result in any unfair competition by Defendant against Toyota;

    C.    That Defendant be ordered to make a written report within a reasonable period, to be filed with the Court, detailing the manner of its compliance with the requested injunctive and mandatory relief above;

    D.    That Toyota be awarded its reasonable attorneys' fees and costs of suit under 15 U.S.C. § 1117(a).  Toyota does not seek any monetary relief under § 35 of the Federal Trademark Act, 15 U.S.C. § 1117, other than recovery of its costs and an award of its reasonable attorneys' fees; and

    E.    That Toyota be awarded such other relief, not including monetary relief, as the Court may deem just and proper.

Dated:  November 4, 2014

    LOEB & LOEB LLP
    MICHAEL L. MALLOW
    DAVID GROSSMAN

    GREGORY D. PHILLIPS
    PHILLIPS, RYTHER & WINCHESTER

    By:    */s/ David Grossman*
        David Grossman
        Attorneys for Plaintiffs

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2395472.1
666666-66666

12

COMPLAINT FOR INJUNCTIVE RELIEF