UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOYOTA JIDOSHA KABUSHIKI KAISHA, also doing business as TOYOTA MOTOR CORPORATION, a Japanese corporation; and TOYOTA MOTOR SALES, U.S.A., INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>4298322 CANADA INC., doing business as UTOYOTA AUTO PARTS, a Canadian corporation,<br><br>Defendant. | Case No.: CV-14-08532-JAK-AS<br><br>**STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION**<br><br>**JS-6**<br><br><br><br>Complaint Filed: 11/4/14 |

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2407840.2
212799-10035

STIPULATED
PERMANENT INJUNCTION

Plaintiffs Toyota Jidosha Kabushiki Kaisha, also doing business as Toyota Motor Corporation, and Toyota Motor Sales, U.S.A., Inc., ("Plaintiffs"), on the one hand, and defendant 4298322 Canada Inc., doing business as UToyota Auto Parts ("Defendant"), stipulate as set forth below to the entry of this Stipulated Final Judgment and Permanent Injunction ("Permanent Injunction"):

## **FINDINGS**

1. This Court has jurisdiction of the subject matter of this action and the parties hereto.

2. Plaintiffs filed a Complaint for Federal Trademark Infringement, Trademark Dilution, False Designation of Origin, and Cyberpiracy (the "Complaint") on November 4, 2014, against Defendant.

3. Plaintiffs are the owners of the protectable TOYOTA® mark, which is registered with the United States Patent and Trademark Office (U.S. Reg. No. 0,843,138).

4. Plaintiffs have continuously used the TOYOTA® mark and the T LOGO® (U.S. Reg. No. 1,797,716) (collectively the "Toyota Trademarks"), primarily in the distinctive color red, in connection with the promotion, advertising, sale and service of new and used automobiles, parts, warranties, accessories, and related products and services since well before the acts of Defendant identified in the Complaint.

5. Plaintiffs have invested significant effort and hundreds of millions of dollars each year in advertising and publicizing the Toyota Trademarks in the United States.

6. Plaintiff Toyota Motor Sales, U.S.A., Inc. also uses the Internet domain name www.toyota.com to host a website featuring Toyota vehicles and products.

7. Defendant conducts an automobile parts business that manufactures, distributes, and sells, to distributors only and not to end users, parts that Defendant represents will fit a large number of vehicles, including, without limitation, Toyota

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2407840.2
212799-10035

1

[PROPOSED] STIPULATED
PERMANENT INJUNCTION

vehicles. Defendant conducts this business under the name "UTOYOTA," and uses the Internet domain name *www.utoyota.com*. Defendant prominently features "UTOYOTA" in the color red on its website, on signage in advertising materials, on parts, on packaging, and otherwise, and Toyota alleges, among other claims as set forth in the Complaint, that Defendant's business and Internet domain names are confusingly similar variations of Toyota's TOYOTA® trademark.

8. The products and services advertised, promoted, and sold by Defendant to distributors are of the same type and are intended for the same purpose and the same class of consumer purchasers as Toyota's products and services.

9. Toyota alleges, and Defendant disputes, that Defendant's use of "UTOYOTA" in its business name and the Internet domain name *www.utoyota.com*, and in connection with the sale, offer for sale, manufacture, and/or distribution of parts, products, and other goods for Toyota vehicles is likely to mislead and confuse potential and actual purchasers of Defendant's products into believing that the automotive parts sold by Defendant are manufactured by, authorized by, sponsored by, or in some other manner are associated or affiliated with Toyota. This alleged confusion, mistake, and/or deception engendered by Defendant's use of the name "Utoyota" is alleged by Toyota causing immediate, substantial, and irreparable harm to the goodwill symbolized by the Toyota Trademarks and to the reputation of high quality automotive parts that the Toyota Trademarks embody.

10. Defendant denies any wrongdoing whatsoever with respect its use of the name Utoyota, but does not wish to engage in a dispute with Toyota regarding such matter.

11. The parties have reached a settlement of their disputes which settlement includes a stipulation to the relief sought as set forth herein.

## PERMANENT INJUNCTION

Pursuant to the Stipulation of the parties, and good cause appearing, IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2407840.2
212799-10035

2

STIPULATED
PERMANENT INJUNCTION

1. Defendant and its parents, subsidiaries, affiliates, owners, principals, officers, directors, agents, employees, representatives, contractors and anyone acting in concert or participating with Defendant, and the successors or assigns of the foregoing individuals and/or entities, including all distributors and manufacturers (collectively, the "Bound Parties"), are hereby permanently restrained and enjoined from performing, directly or indirectly, any and all of the following acts worldwide:

    a. Producing, manufacturing, distributing, selling, importing, marketing, promoting, or advertising any product, part, packaging, good or service that uses "UTOYOTA," "U-TOYOTA," "U-Toyota," and/or any other names confusingly similar to the Toyota Trademarks, except as expressly permitted under that certain Settlement Agreement, dated January 22, 2015 between Plaintiffs and Defendant ("Settlement Agreement");

    b. Advertising, manufacturing, selling, and distributing products or services that use any logo, trade name, or trademark confusingly similar to the Toyota Trademarks or that may falsely represent or mislead the services or products to that of Plaintiffs or of others that are sponsored by, authorized by, or in any way associated with Plaintiffs; provided, however, that nothing shall prevent Defendant from engaging the manufacture, sale and distribution of products that in fact can be incorporated into vehicles manufactured, sold or distributed by Toyota and accurately representing same, in writing, and provided that the trademark Toyota® is not highlighted in any manner through the use of larger font, distinctive typographical style or script, color, shading, placement or otherwise;

    c. Otherwise unfairly competing with Plaintiffs in the manufacture, sale, offering for sale, distribution, advertising, or promotion of TOYOTA® brand products or services;

    d. Using, after February 15, 2015, the business name or dba "UTOYOTA Auto Parts" or "U-Toyota," or using in the future the Toyota Trademarks, or any confusingly similar variation of the Toyota Trademarks in its

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2407840.2
212799-10035

3

STIPULATED
PERMANENT INJUNCTION

business name or dba, except as expressly permitted under the Settlement Agreement;

  e. Using, after February 15, 2015, the Internet domain name utoyota.com, or registering and/or using in the future any Internet domain names that incorporate or use the Toyota Trademarks, or any confusingly similar mark, except as expressly permitted under the Settlement Agreement;

  f. Falsely representing themselves as being connected with Plaintiffs, sponsored by or associated with Plaintiffs or TOYOTA® brand products or services, or engaging in any act or business practice that is likely to cause the trade, retailers, and/or members of the purchasing public to believe that Defendant, or any of its products or services, are associated with Plaintiffs in any way other than accurately representing that the products sold by Defendant will fit vehicles sold by Toyota and provided that the trademark Toyota® is not highlighted in any manner through the use of larger font, distinctive typographical style or script, color, shading, placement or otherwise;

  g. Using any reproduction, copy, or colorable imitation of any of the Toyota Trademarks in connection with the advertising, promotion, manufacture, sale, and/or distribution of automobile products, accessories, or services, except that, to the extent that products sold by Defendant can be utilized in vehicles sold by Toyota, Defendant (and its successors) are free to accurately so state as part of a list of vehicles in which products sold by Defendant can be used, and provided that the trademark Toyota® is not highlighted in any manner through the use of larger font, distinctive typographical style or script, color, shading, placement or otherwise; and

  h. Assisting, aiding, or abetting any person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

 2. On or before February 15, 2015, Defendant shall submit to all government offices all forms necessary to change the business name or dba from

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2407840.2
212799-10035

4

STIPULATED
PERMANENT INJUNCTION

"UTOYOTA" and/or "U-Toyota," or any variations thereof, and shall request in writing that all telephone directories, Internet directories, or other directories that in which Defendant has purchased or requested any listings or advertisements for "UTOYOTA" and/or "U-Toyota," or any variations thereof, change their listings or advertisements to comply with this Agreement.

3. On or before February 15, 2015, Defendant shall, at Plaintiff's expense as provided in the Settlement Agreement, transfer the domain name utoyota.com to Plaintiff Toyota Motor Sales, U.S.A., Inc., subject to the rights of Defendant (and its successors) to utilize the said domain name for the limited purpose and for the limited time set forth in the Settlement Agreement, and disclose to Plaintiffs' counsel any other Internet domain names that Defendant has registered directly or indirectly using the Toyota Trademarks, or variations thereof, and shall sign appropriate documents and take all steps necessary to immediately transfer such domain names to Plaintiff Toyota Motor Sales, U.S.A., Inc., subject only to Defendant's right to continue using the [www.utoyota.com](www.utoyota.com) website for the limited purposes and for the limited period set forth in the Settlement Agreement.

4. Not later than February 15, 2015, Defendant shall destroy and forever cease use of all business cards, stationery, labels, signs, prints, packages, wrappers, receptacles, advertising materials, or products, that bear "UTOYOTA," "U-TOYOTA," "U-Toyota," and/or any other names or marks confusingly similar to the Toyota Trademarks, or that result in any unfair competition by Defendant against Plaintiffs pursuant to 15 U.S.C. § 1118, provided that Defendant may sell off existing product inventory as provided in the Settlement Agreement.

5. Defendant is hereby ordered to make a written report to Plaintiff on or before August 3, 2015, to be filed with the Court, detailing the manner of its compliance with the requested injunctive and mandatory relief above.

6. Defendant shall take all reasonable steps to ensure that the Bound Parties do not violate the terms of this Permanent Injunction. Defendant shall not

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2407840.2
212799-10035

5

STIPULATED
PERMANENT INJUNCTION

assist any entity, directly or indirectly, in violating the terms of this Permanent Injunction or in forming or assisting in the formation of new business entities whose conduct would violate the terms of this Permanent Injunction if they were bound by the Permanent Injunction.

7. The Permanent Injunction set forth above shall remain in effect indefinitely and the Court retains jurisdiction to enforce the terms of said Permanent Injunction.

8. In the event the Court determines that any violation of this Permanent Injunction has taken place, Plaintiffs shall be entitled to their reasonable attorney fees and costs incurred in addressing such violation.

9. Notwithstanding any contrary provisions of the Federal Rules of Civil Procedure, and notwithstanding the absence of any findings of fact and/or conclusions of law by this Court, any requirements for which have been expressly waived by Plaintiffs and Defendant, this Permanent Injunction is a final judgment in this action and suitable for entry by the Clerk pursuant to Fed. R. Civ. P. 58 and 79(a). All rights to appeal this final judgment, on any basis other than the failure by Toyota to perform its obligations under the Settlement Agreement, have been expressly waived by Defendant.

///
///
///

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2407840.2
212799-10035

6

STIPULATED
PERMANENT INJUNCTION

10. Defendant hereby consents to the homologation of this Permanent Injunction by the Superior Court of Quebec in the district of Montreal and will not contest any motion for homologation by Plaintiffs of this Permanent Injunction.

Dated: January __, 2015     4298322 CANADA INC., doing business as UTOYOTA AUTO PARTS

By: _____

Its: _____

Dated: January __, 2015     THERRIEN COUTURE
JEAN-LUC COUTURE

By: _____
Jean-Luc Couture
Attorneys for Defendant

Dated: January __, 2015     LOEB & LOEB LLP
DAVID GROSSMAN

By:   */s/*
David Grossman
Attorneys for Plaintiffs

**IT IS SO ORDERED.**

Dated: February 10, 2015

_____
Honorable John A. Kronstadt
United States District Court Judge

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2407840.2
212799-10035

7

STIPULATED
PERMANENT INJUNCTION